IN THE UNITED STATES DISTRICT COURT
FOR THE DISTICT OF PUERTO RICO

| | |
|---|---|
| Adrian Acosta-Velazquez<br><br>Plaintiff<br><br>v.<br><br>Commonwealth of Puerto Rico, Puerto Rico Police Department, Puerto Police Department Superintendent Antonio Lopez, John Doe Humacao Area Commander, Agent Eliezer Ortiz Castro, Agent Julio A. Delgado Rosario, Agents 1-100, Insurance Companies X, Y and Z<br><br>Defendants | Civil No.<br><br>Matter: Civil Rights Violations<br>42 USC § 1983 |

## COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff, Adrian Acosta-Velazquez, through the undersigned attorney, and very respectfully state and prays as follows:

### I.  PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his civil rights secured by 42 USC §1983, §1988, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident in which Officers of the Puerto Rico Police Department ("PRPD"), acting under the color of state law, willfully and intentionally, exceeded their authority while serving and executing a search warrant knowing they lacked authority to enter the premises.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## II.    JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

## III.    VENUE

5. Venue is laid within the United States District Court for the District of Puerto Rico in that Defendants are located within and all events giving rise to the instant complaint occurred within the boundaries of Puerto Rico.

## IV.    PARTIES

6. Plaintiff Adrian Acosta-Velazquez is a legal resident of the United States of America and at all times here relevant resided in Humacao, Puerto Rico.

7. Defendant Commonwealth of Puerto Rico is the government of Puerto Rico, as created by the Constitution of the Commonwealth of Puerto Rico.

8. Defendant Puerto Rico Police Department ("PRPD") is a law enforcement agency and agent of the Commonwealth of Puerto Rico, including specialized security and protective services.

9. Puerto Police Department Superintendent Antonio Lopez oversees all the members that constitute the Puerto Rico Police Department, said defendant is being sued in his official character.

10. John Doe is the Area Commander for the Humacao region and is being sued in his official character.

11. Agent Eliezer Ortiz Castro is the agent that requested the search warrant object of this case, he also executed the search warrant and notice the items found during the illegal search executed by him and his peers. He is being sued in his official character.

12. Agent Julio A. Delgado Rosario is the Supervisor of Agent Eliezer Ortiz Castro, and is being sued in his official character.

13. Agents 1-100 were agents that aided and abetted Agent Ortiz in execution the illegal search warrant.

14. All agents described herein including those denominated by fictitious names and/or numbers acted under color of law.

15. The defendant Insurance Company X, Y and Z are insurance companies that may have issued and have in effect insurance policies to cover the risk for acts like the alleged herein.

## V.  FACTUAL ALLEGATIONS

16. Plaintiff is an American Citizen, legally residing in Humacao, Puerto Rico, U.S.

17. Plaintiff's primary language is English. He has limited ability to comprehend and communicate in Spanish.

18. On April 17, 2020, Mr. Salvador Acosta Gabino was assassinated in his residence located in Anton Ruiz neighborhood, in Humacao, Puerto Rico. He died from multiple gunshots.

19. Mr. Salvador Acosta Gabino was plaintiff's father.

20. A grey, 2015, Tacoma pickup, property of the deceased was stolen in the same act.

21. On May 15th, 2020, Agent Eliezer Ortiz Castro (badge no. P-28585) declared under oath before attorney for the government, Janitza Alsina Rivera (13887), to obtain a search warrant for premises located at Anton Ruiz neighborhood, St. 927 km. 14, Humacao, Puerto Rico.

22. The search warrant, signed by Hon. Judge Juan Carlos Vera Rivera on May 15th, 2020, did not authorize trespassing private property, neither specified at which hour it could be executed nor authorized the entrance by force by the Puerto Rico Police to the house of Adrian Acosta-Velazquez.

23. On May 16th, 2020, various agents of the Puerto Rico Police Department, including but not limited to Agent Eliezer Ortiz, Agent Pedro Martinez Rodriguez, and Agent Luis Navas, allegedly requested Ms. Carmen Velázquez Betancourt (Adrian's mother) to enter the residence because there is a search warrant against the property.

24. The Puerto Rico Police Department agents destroyed the gate that gives access to the house, get into the house, push Ms. Carmen Velazquez Betancourt out of the shower naked into the floor and her daughter Ms. Lucrecia Acosta Velazquez (a mentally mismatched individual) was also forced down to the floor by the police.

25. The defendants, Commonwealth of Puerto Commonwealth, the Puerto Rico Police Department and their agents, whose policies, and practices, carried out by the police, deprived Adrian Acosta-Velazquez of his constitutional rights as set forth in this complaint for which it is liable.

26. The codefendant, Agent Julio A. Delgado Rosario, is an Agent of the Puerto Rico Police Department, who acting under color of law, in the course and scope of his employment, instructed his subordinates and/or participated in the illegal acts against Adrian Acosta-Velazquez.

4

27. Agent Julio A. Delgado Rosario is a police officer supervisor, who acting under color of law and in the scope of his employment, did not supervised his subordinates, such lack of supervision lead to the execution of an invalid search warrant and or the use of excessive force to enter the premises in which plaintiff's home is located. Agent Julio A. Delgado Rosario is being sued in his official character.

28. Agent Eliezer Ortiz Castro is a police officer, who acting under color of law and in the scope of his employment, executed an invalid or insufficient search warrant and/or assisted by his peers, Agents Pedro Martinez Rodriguez and Luis Navas utilized excessive force to enter plaintiff's property. The Agents herein mentioned are being sued in their official capacity.

29. Agents 1-100 are agents that offered support and/or aided and abetted the agents herein mentioned to deprive Adrian Acosta-Velazquez constitutional rights. Their names are unknow to the plaintiff will seek authorization from this Court to amend his complaint upon discovery of their names and identity. Said Agents are being sued in their official character under fictitious names.

30. The defendant Insurance Company X, Y and Z are insurance companies that may have issued and have in effect insurance policies to cover the risk for acts like the alleged herein.

## VI.   DAMAGES

31. As a direct and proximate cause and results of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures;

    b.   Violation of his right to Due Process of Law under the Fourteen Amendment of the United States Constitution;

    c.   Physical pain and suffering;

    d.   Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and;

    e.   Loss of liberty.

## VII. FIRST CAUSE OF ACTION (42 USC § 1983)

32. Adrian Acosta-Velazquez realleges and incorporates by reference the allegations set forth in 1-31 herein above.

33. Defendants have deprived plaintiff of his civil, constitutional, and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

34. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants illegally searched plaintiff's house and failed intervene in other more meritorious causes like concluding and prosecuting the person that killed plaintiff's father.

## VIII. SECOND CAUSE OF ACTION (MUNICIPAL AND SUPERVISORY LIABILITY)

36. Adrian Acosta-Velazquez realleges and incorporates by reference the allegations set forth in 1 -35 herein above.

37. The Commonwealth of Puerto and the Puerto Rico Police Department are liable for the damages suffered by plaintiff as a result of the conduct of their employees,

agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. It is a matter of public knowledge and concern that the government knows that the Puerto Rico Police Department has been alerted of the regular use of excessive force by its police officers but has nevertheless exhibited deliberate indifference to such excessive force; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

38. The aforesaid event was not an isolated incident. The Government and the Police Department has been aware for some time, from lawsuits, notices of claim, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search, and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the Government and the Police Department has allowed policies and practices that allow them to persist.

39. They were held in custody for several hour and subsequently released due to their legal counsel intervention. They claim that their arrest was ordered by the Major of Humacao, to silence their First Amendment Rights pursuant to the United States Constitution and Puerto Rico's Constitution.

40. The Puerto Rico Police Department has failed and continues to fail, once receiving a substantiated citizen complaint to adequately discipline officers for misconduct. The Police Department does not prosecute internal complaints against its officers, the

Police Superintendent still maintains the power to reduce the discipline against such an officer.

41. Further, the Puerto Rico Police Department has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search, and seizure practices like the one in this case go uncorrected.

42. The Puerto Rico Police Department is aware that all the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the Police Department has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

43. Plaintiff have been damaged because of the deliberate indifference of the Puerto Rico Police Department towards the constitutional rights of the Island inhabitants.

44. The Government of Puerto Rico and the Puerto Rico Police Department are liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The Government of Puerto Rico and the Police Department have knowledge of the regular use of excessive force and illegal searches, among others constitutional rights violations by its police officers but has nevertheless exhibited deliberate indifference to the matter; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

## IX.  THIRD CAUSE OF ACTION (CONSPIRACY)

45. Adrian Acosta-Velazquez realleges and incorporates by reference the allegations set forth in 1-44 herein above.

46. Defendants, acting under color of law, violated plaintiff's rights pursuant to Amendments IV and XIV of the Constitution of The United States of America. Equivalent to Section 7th and Section 10th of Article II, Bill of Rights, of the Constitution of the Commonwealth of Puerto Rico.

47. This Court, pursuant to 28 USC § 1367, has Supplemental Jurisdiction to entertain plaintiff's claim under Article II, Sections 7th and 10th of the Constitution of the Commonwealth of Puerto Rico, because said remedies are equivalent to the remedies pursued under Article III of the United States Constitution.

48. A damages remedy here is necessary to effectuate the purposes of Article II, Section 7th and Section 10th of the Constitution of the Commonwealth of Puerto Rico, and appropriate to ensure full realization of plaintiff's rights under those sections.

### X. FOURTH CAUSE OF ACTION (NEGLIGENT HIRING AND RETENTION)

49. Adrian Acosta-Velazquez realleges and incorporates by reference the allegations set forth in 1- 47 herein above.

50. Defendant, Government of Puerto Rico, through its Police Department, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated an injury to plaintiff or those similarly situated because of this conduct.

51. Upon information and belief, defendant officers were incompetent and unfit for their positions.

52. Upon information and belief, defendant, Puerto Rico Police Department, knew or should have known through exercise of reasonable diligence that the officer defendants were potentially dangerous and previously searched private property without a valid warrant and falsely arrested civilians without probable cause.

53. Defendant, Puerto Rico Police Department negligence in hiring and retaining the officer defendants proximately caused plaintiff's injuries.

54. Because of the defendant negligent hiring and retention of defendant officers, plaintiff suffered the damages described above.

### XI.   FIFTH CAUSE OF ACTION (RESPONDEAT SUPERIOR)

55. Adrian Acosta-Velazquez realleges and incorporates by reference the allegations set forth in 1-54 herein above.

56. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant, Government of Puerto Rico, and Puerto Rico Police Department and in furtherance of the Humacao their interests.

57. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendants, Plaintiff was deprived of his constitutional rights and suffered damages for such actions.

**WHEREFORE,** and for the foregoing reasons, Plaintiffs respectfully requests this court that judgment be entered against the Defendants:

(a) Ordering the defendants to pay Plaintiff the sum of no less than $10,0000,000 in punitive and compensatory damages, for Section 1983 violations;

(b) Ordering the defendants to pay costs and attorney fees as set forth in 42 USC Section 1983, as Amended;

(c) Ordering the defendants to pay the sum of no less than $2,000,000 to the Plaintiff of compensatory damages including but not limited to economic damages, emotional damages, mental anguish, for violation of Article II, Sections 7th and 10th of the Constitution of the Commonwealth of Puerto Rico and;

(d) Granting such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of September 2021.

I hereby certify that on this same date, this document was filed was filed with the Clerk of the Court electronically (CM/ECF).

>S/Juan A. Velez-Mendez, Esq.
>USDC-PR 225902
>PO BOX 9292
>Humacao, Puerto Rico, 00792
>Tel. (787) 594-1088
>Fax (787) 719-6493
>javmlaw@gmail.com

.